## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHAD A. BEERS,            )
                                   )
            Petitioner,         )
                                   )
vs.                             )       **Case No. 19-cv-606-NJR**
                                   )
                                   )
T.G. WERLICH,          )
                                   )
            Respondent.       )
                                   )

## ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Chad A. Beers, an inmate of the Federal Bureau of Prisons ("BOP") currently incarcerated at Federal Correctional Institute Greenville ("FCI – Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the computation of his federal sentence (Docs. 1 and 3).

The case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Without commenting on the merits of Beers's claim, the Court concludes that the Petition survives preliminary review under Rule 4 and Rule 1(b). Given the limited record, it is not plainly apparent that Beers is not entitled to habeas relief.

**IT IS HEREBY ORDERED** that Respondent T.G. Werlich shall answer or otherwise plead on or before **January 15, 2020**.[1] This preliminary order to respond does not, of course,

---

[1] The response date ordered here is controlling. Any date that the Case Management/Electronic Case Filing ("CM/ECF") system should generate during this litigation is a guideline only. *See* SDIL-EFR 3.

preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

Beers is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification must be done in writing and no later than **7 days** after a transfer or other change in address occurs. Failure to provide notice may result in dismissal of this action. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 12/18/2019**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**