IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHAD A. BEERS, # 61698-079,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No. 19-cv-606-NJR |
| | ) |
| **T.G. WERLICH,** | ) |
| | ) |
| **Respondent.** | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Now before the Court is Petitioner Chad A. Beers's Motion Pursuant to Rule 59(e), filed July 4, 2020.[1] (Doc. 25). As explained below, the motion is untimely under Rule 59(e) and does not serve to toll the deadline for Beers to file a Notice of Appeal in this case, which expired on July 6, 2020. However, if Beers wishes to seek an extension of time to file a late Notice of Appeal, he may do so by filing a motion in this Court on or before **August 5, 2020**. Furthermore, the motion fails to convince the Court that Beers is entitled to relief from Judgment and will be denied on the merits.

### TIMELINESS OF MOTION

This Court dismissed Beers's Habeas Corpus Petition brought pursuant to 28 U.S.C. § 2241 on May 4, 2020 and entered Judgment on that date. (Docs. 21, 22). Beers's first Motion Pursuant to Rule 59(e) was postmarked on May 29, 2020, just two days before the June 1, 2020 expiration of the 28-day time limit set forth in Rule 59(e). (Doc. 23, p. 6). The motion was received and filed on the Court's docket on June 8, 2020, but was stricken from the record on that date because Beers failed to sign the motion and because it contained profanity directed at the undersigned Judge. (Doc. 24). Beers was

---

[1] Beers certified that he submitted his motion for mailing to the Court on July 4, 2020, which is its filing date under the prison mailbox rule. (Doc. 25, pp. 9-10). *See Houston v. Lack*, 487 U.S. 266 (1988); *Jones v. Bertrand*, 171 F.3d 499, 502 (7th Cir. 1999).

1

informed that he "may refile a properly signed motion, but if his motion again includes profanity it shall be stricken from the docket." *Id.* The motion was returned to Beers on June 8, 2020. By that time, the 28-day deadline for Beers to file a Rule 59(e) motion had already expired.

Beers notes in his newly-filed Rule 59(e) motion that as the Court "did not supply a time or date this motion was to be filed" he "used the same 28 day deadline I had with the first motion." (Doc. 29, p. 10). The July 4, 2020 mailing date was within 28 days of the June 8, 2020 order striking the first Rule 59(e) motion. But that was well beyond the expiration of the original – and only – 28-day deadline to file under Rule 59(e).

In the Order dismissing this case, the Court informed Beers:

> A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

(Doc. 21, p. 7). Contrary to Beers's assertion, this notice informed him that the deadline to file a Rule 59(e) motion fell 28 days after the judgment date. Rule 59(e) itself sets that deadline, and Federal Rule of Civil Procedure 6(b)(2) forbids a court from extending the time to act under Rule 59(e). The Court's statement in Doc. 24 that Beers could refile a properly signed motion did not mention that the Rule 59(e) deadline had already expired, but even if this had been explicitly stated, the Court had no power to extend that deadline.

Even though the stricken Rule 59(e) motion was timely, it cannot serve as a "placeholder" motion which would allow the new motion to be considered timely filed. The Court had authority to strike the motion, and that rendered it a nullity. *See* SDIL-LR 8.1(b).[2] Further, Rule 6(b)(2) limits a

---

[2] Local Rule 8.1(b), governing pleadings filed by prisoners, states in relevant part that if a petition or motion has not been properly completed or signed, "The Court in its discretion, may strike and direct the return of any defective pleading." The Court may, of course, exercise its discretion *not* to strike an unsigned pleading, and may instead give the party an opportunity to promptly correct it. *See* FED. R. CIV. P. 11(a). But the profane language Beers included in his motion provided additional grounds for striking it.

party's ability to correct a faulty motion with an amendment filed beyond the Rule 59(e) deadline. *See Martinez v. Trainor*, 556 F.2d 818, 820 (7th Cir. 1977) (deficient Rule 59(e) motion could not be cured with an untimely amendment; if that were allowed it would amount to an unauthorized extension of time in violation of rule 6(b)); *Feldberg v. Quechee Lakes Corp.*, 463 F.3d 195 (2d Cir. 2006) (party that filed timely but "skeletal" Rule 59(e) motion that set forth no grounds for relief was not allowed to file a late supplement as that would circumvent Rule 6(b)).

In sum, because the motion at Doc. 25 was filed outside the 28-day deadline, it cannot be considered under Rule 59(e). The Court will therefore consider it under Rule 60(b). *See Talano v. Northwestern Medical Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (when a motion to alter or amend under Rule 59(e) is filed too late, it "automatically becomes a Rule 60(b) motion").

Furthermore, because the instant motion was not filed within 28 days of the entry of Judgment, it does not extend the 60-day time limit for Beers to file a Notice of Appeal. (*See* Doc. 21, p. 7). Therefore, if Beers wishes to appeal from the May 4, 2020 dismissal of this case, he must file a motion in this Court for extension of time to file a Notice of Appeal. Federal Rule of Appellate Procedure 4(a)(5)(A) authorizes a District Judge to extend the time to file a notice of appeal upon a showing of "excusable neglect or good cause." The Rule requires the motion to be filed no later than 30 days after the appeal deadline has expired. For Beers, his appeal deadline expired on July 6, 2020,[3] therefore, any motion to extend time to appeal must be filed no later than August 5, 2020. Notice must be given to Respondent if Beers seeks an extension. FED. R. APP. P. 4(a)(5)(B).

**MERITS OF MOTION (DOC. 25) UNDER FEDERAL RULE OF CIVIL PROCEDURE 60(b)**

Rule 60(b) permits a court to relieve a party from an order or judgment based on the following grounds:

---

[3] The 60th day following May 4, 2020 fell on July 3, 2020, which was a federal holiday, thus the last day to file a Notice of Appeal was bumped to the next business day, July 6, 2020.

1) mistake, inadvertence, surprise or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Notably, however, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)."). Furthermore, relief under Rule 60(b) is an "extraordinary remedy" granted only in "exceptional circumstances." *Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009), *cert. denied*, 558 U.S. 1147 (2010). *See also Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Beers argues in the instant motion that the Court was mistaken in applying the doctrine of *res judicata* to his claim of whether he was in federal or state custody in 1994, because he did not learn until 2015 that the United States relinquished his custody to Nebraska in 1994. (Doc. 25, pp. 1-5). Secondly, he claims the Court's ruling is self-contradictory on the question of whether he was in the primary custody of the U.S., and misapplied 18 U.S.C. § 3585. (Doc. 25, pp. 1-2, 5-8). Neither of these alleged errors come within the scope of "mistakes" that may be corrected under Rule 60(b)(1). *See Parke-Chapley*, 865 F.2d at 915; *Swam*, 327 F.2d at 433. Instead, they are matters that may be raised

4

on appeal – and thus fall outside the reach of Rule 60(b). *Bell*, 214 F.3d at 801. No other section of Rule 60(b) applies to Beers's claims of error, and the Court finds that the "catchall" provision of Rule 60(b)(6) is not applicable. While the language of that section is broad – "any other reason that justifies relief" – no exceptional circumstances are present here that would support granting relief from judgment. *See Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010).

Additionally, the motion does not demonstrate a mistake of fact or law that would entitle Beers to relief if Rule 59(e) were applied.[4] Contrary to Beers's claim that he never raised the relinquishment matter in the Kansas case (Doc. 25, p. 4), his petition in that case stated "The United States Marshal[s] Service released me to the state of Arkansas on August 23, 1994, seven days before I escaped, and this release constituted relinquishment of custody which made me innocent of the crime of federal escape." (Doc. 1, p. 6, in *Beers v. Maye*, Case No. 12-cv-3261 (D. Kan.)). The Kansas court ruled that Beers had been in the "primary jurisdiction" of the state of Nebraska from 1994 to 2004. The issue of credit against Beers's federal sentence for the time he spent in state custody between August 1994 and December 2004 was fully litigated in the District of Kansas. (Doc. 21, pp. 5-6). That court concluded that Beers had received credit for all the time he spent in custody during that period, against either a state sentence or his federal sentence. This Court appropriately ruled that *res judicata* prevents Beers from relitigating the sentence credit issue in this case, regardless of when he claims he became aware of a federal relinquishment of custody to Nebraska.

Beers's second claim of error also fails. He quotes a portion of 18 U.S.C. § 3585(b), stating "[He] shall be given credit toward the service of a term of imprisonment for any time spent in official detention[,]" but omits the qualifier "that has not been credited against another sentence." (Doc. 25, p. 7). All of the time Beers spent in custody has been credited toward a state sentence or his federal

---

[4] Rule 59(e) permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007).

sentence; Section 3585(b) prohibits him from getting "double credit" for the same time against both a state and federal sentence. Beers has not served any time that was not credited toward one of his sentences. *See Beers v. Maye*, 611 F. App'x 933, 935 (10th Cir. 2015).

## CONCLUSION

The Motion Pursuant to Rule 59(e) (Doc. 25), construed as a motion pursuant to Federal Rule of Civil Procedure 60(b), is **DENIED**. This case remains **DISMISSED with prejudice**.

Because the time for Beers to have filed a timely Notice of Appeal from the Judgment in this case has already expired, Beers may file a motion in this Court **no later than August 5, 2020**, to request an extension of time to file a Notice of Appeal. His motion must demonstrate either excusable neglect or good cause to justify the requested extension. *See* FED. R. APP. P. 4(a)(5)(A).

If Beers chooses to appeal, he will incur the obligation to pay a portion of the $505.00 appellate filing fee as set forth in the Order at Doc. 21.

**IT IS SO ORDERED.**

**DATED:  July 13, 2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**